# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ARTHUR MOSLEY,

   Plaintiff,

v.

WARDEN GARY HAIDLE, *et al.*,

   Defendants.

NO. 3:18-CV-0305

(JUDGE CAPUTO)

## **MEMORANDUM**

Plaintiff Arthur Mosley's Complaint (Doc. 1) is before me for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Because the Complaint fails to state a claim upon which relief can be granted and leave to amend would be futile, the Complaint will be dismissed with prejudice.

### **I. Screening *Pro Se In Forma Pauperis* Complaints**

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). When deciding whether the complaint fails to state a claim for which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P.

12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id*. (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id*. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937).

The Court must liberally construe a complaint filed by a *pro se* plaintiff and hold it "'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Courts should allow

2

*pro se* litigants leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

## II. Plaintiff's Complaint

Plaintiff commenced this action on February 6, 2018 against Gary Haidle ("Haidle"),[1] Lawton,[2] and Trinity Food Group ("Trinity").[3] The facts alleged in the Complaint are as follows:

On July 3, 2017, Plaintiff became an inmate at LCCF. (*See* Doc. 1, § 4, ¶ 1). Plaintiff is of Jewish Faith and can only eat kosher meals. (*See id*. at ¶ 2). From the time of his incarceration, Plaintiff was served "the exact same meals everyday," particularly "peanut butter & jelly breakfast & lunch w/raw veg and cottage cheese everyday for dinner w/raw veg." (*Id*.). During the over seven (7) months of his incarceration at that time, Plaintiff "had not had a hot or cooked meal. Just cold uncooked food!" (*Id*. at ¶ 3).

Attached to the Complaint is a copy of an MCCF inmate grievance form submitted by Plaintiff. (*See* Doc. 1, 5). Like he alleges in the Complaint, the grievance at Step 1 emphasized that Plaintiff was served peanut butter everyday for lunch and cottage cheese for dinner. (*See id*.). Plaintiff also stated that none of his food was hot or warm. (*See id*.). As relief, Plaintiff requested that the "kosher menu be looked into" and a reasonable variety "just like the regular meals and a hot tray at times." (*Id*.).

Lawton denied the grievance, noting that the "kosher diet is set by the dietition [sic] so I am not allowed to change it." (*Id*.). Lawton further indicated that he would

---

[1] Haidle is the Warden of the Monroe County Correctional Facility ("MCCF").

[2] Lawton is the Food Services Director at MCCF.

[3] Trinity is the Food Service Provider at MCCF.

3

"try to get a better selection of vegetables and find a different kosher protein for a change in the dinner trays to switch out cottage cheese once in a while." (*Id*.).

Plaintiff disagreed in part with the response at Step 1 of the grievance because the hot meal issue was not addressed. (*See id*.). Thus, he requested that the grievance be sent to the Final Step. (*See id*.).

Haidle denied the grievance at the Final Step, stating that "[t]his is the kosher diet approved by the dietician. I will look into other options if possible." (*Id*.).

Based on these facts, Plaintiff seeks injunctive relief ordering MCCF "to serve at least one hot cooked meal a day for the Kosher meal." (*Id*. at § 5, ¶ 1). Plaintiff also seeks compensatory and punitive damages. (*See id*. at ¶ 3).

### III. Discussion

**A. Counsel will not be Appointed.**

Plaintiff's motion for counsel will be denied. A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent person is governed by 28 U.S.C. § 1915(e)(1), which provides that the court "may request an attorney to represent any person unable to afford counsel," but the court cannot order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted . . . ." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) to decide to seek counsel for a litigant, *Montgomery*, 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id*. at 503–04. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the plaintiff overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors when appointing *pro bono*

counsel: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id*. at 155-157 & n.5.

Plaintiff has not made a threshold showing for the appointment of counsel in this civil case. Plaintiff asserts that he needs counsel appointed because, *inter alia*, (1) he is an indigent prisoner unable to afford counsel, (2) his imprisonment will limit his ability to litigate this action, and (3) a lawyer would be better able to present this matter. (*See* Doc. 6, ¶¶ 1-3). However, Plaintiff must first demonstrate that his claim has some merit in fact and law. For reasons explained below, Plaintiff is unable to do so. Thus, appointment of counsel is not warranted.

**B.  Plaintiff Fails to State a Claim.**

Plaintiff's Complaint, as presented, claims a violation of the Eighth Amendment to the United States Constitution. (*See* Doc. 1, *generally*). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To state a viable Eighth Amendment claim, an inmate must allege facts demonstrating that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) the acts or omission of the prison official(s) reflected deliberate indifference to his health or safety. *Id*. at 834, 114 S. Ct. 1970. Deliberate indifference is shown when the prison official(s) knew of and disregarded an excessive risk to the inmate's health or safety. *See id*. at 837, 114 S. Ct. 1970.

"[P]risoners are guaranteed a nutritionally adequate diet under the Eighth Amendment." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008) (citing *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)). Nonetheless, "there is no constitutional right to hot meals." *Id*. (citing *Brown-El v. Delo*, 969 F.2d 644, 648 (8th

5

Cir. 1992) (finding frivolous prisoner's claim that his constitutional rights were violated when he was served cold food)); *Parker v. Luryd*, No. 16-979, 2016 WL 7007480, at *2 (D. Del. Nov. 28, 2016) ("The issue of serving cold food has been considered and rejected by other courts. The provision of cold food is not, by itself, a violation of the Eighth Amendment as long as the food is nutritionally adequate and is 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'"). And, "so long as the food is nutritionally adequate, the mere fact that it is unvaried or cold does not give rise to a constitutional violation." *Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013).

Plaintiff does not allege that the food he was served was nutritionally inadequate, nor does he allege that it was unsafe to consume. (*See* Doc. 1, *generally*).[4] Instead, Plaintiff claims that his constitutional rights were violated under the Eighth Amendment because he was served unvaried, cold meals. As one district court recently explained, this does not amount to a constitutional violation:

> Plaintiff alleges that he received no hot meals from May 19, 2017, through December 30, 2017. An inmate has no constitutional right to hot food. "Constitutional standards require only that prison authorities provide an inmate with well-balanced meals, containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks and citation omitted). The provision of only cold food does not violate the Constitution. *See Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) ("We agree with the district court that Brown-El's claim that his constitutional rights were violated when he was served cold food is frivolous."); *Smith*, 892 F. Supp. at 1229 (holding that a diet of only cold food, in and of itself, does not offend the Constitution). Plaintiff's assertions that he was not served hot meals, without more, fails to state a cognizable claim.

*Davis v. Watson*, No. 18-6009, 2018 WL 1722167, at *5 (W.D. Ark. Apr. 9, 2018). Moreover, an "allegation of a limited selection of kosher lunches and dinners does not

---

[4] Nor does Plaintiff contend that the food served failed to comply with his religious beliefs. (*See* Doc. 1, *generally*).

6

state a substantial risk of harm to his health or safety for an Eighth Amendment claim." *Broyles v. Marks*, No. 18-3030, 2018 WL 2321822, at *3 (D. Kan. May 22, 2018); *see also Daniels v. City of Hartford*, 645 F. Supp. 2d 1036, 1060 (M.D. Ala. 2009). The above cited case law makes clear that providing prisoners cold, unvaried but nutritionally adequate meals does not amount to a violation of the Eighth Amendment, so the Complaint will be dismissed.[5]

## IV. Conclusion

For the above stated reasons, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

An appropriate order follows.

October 23, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

[5] Although I do not read the Complaint as setting forth a claim under the Free Exercise Clause, even if it does, Plaintiff fails to state such a cause of action. *See, e.g., Tapp v. Proto*, 404 F. App'x 563, 565-66 ("[The plaintiff] also complains that the Kosher meals the prison served him lacked variety and were often cold. We have previously held that a prison does not violate the Free Exercise Clause by offering an all-cold Kosher diet." (citing *Johnson v. Horn*, 150 F.3d 276, 283 (3d Cir. 1998), *overruled on other grounds by DeHart v. Horn*, 227 F.3d 47, 55 (3d Cir. 2000))); *Kretchmar v. Beard*, 241 F. App'x 863, 865 (3d Cir. 2007) (rejecting RLUIPA and constitutional claims regarding non-rotating, cold Kosher menu); *see also Broyles*, 2018 WL 2321822, at *2-3. Thus, while I am mindful that Third Circuit "precedent supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim," it is not necessary where, as here, amendment would be futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (amendment is futile "if the amended complaint would not survive a motion to dismiss."). Because Plaintiff would not be able to state a viable constitutional or statutory cause of action on these facts, amendment would be futile. Thus, the Complaint will be dismissed with prejudice

7